IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALAN BUTTS,**

    **Petitioner,**

    v.                                    **CASE NO. 2:05-cv-994**
                                              **JUDGE SMITH**
                                              **MAGISTRATE JUDGE KING**

**MICHAEL SHEETS,**

    **Respondent.**

## OPINION AND ORDER

On August 10, 2006, the Magistrate Judge issued an *Order and Report and Recommendation* denying petitioner's request for a stay and an evidentiary hearing and directing respondent to file supplemental briefing advising the Court whether claim one remains unexhausted or may instead be subject to a procedural default. The Magistrate Judge also recommended that claims two and three be dismissed. Doc. No. 14. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Respondent has filed a response to petitioner's objections, but does not object to the Magistrate Judge's *Report and Recommendation*. *See* Doc. No. 16.

For the reasons that follow, petitioner's objections are **OVERRULED;** petitioner's request for a stay of proceedings pending a decision from the Ohio Supreme Court is **DENIED.** This action is hereby **DISMISSED**.

### I. CLAIM ONE: PETITIONER'S REQUEST FOR A STAY

In claim one, petitioner asserts that he

> was unconstitutionally sentenced to 15 years to life, after a jury erroneously returned a verdict of guilty on two factually different and two inherently contradictory theories in the death of one individual, thus forcing the trial court to elect which of the two theories to render a sentence on. This resulted in the denial of petitioner's rights to due

>process, a fair trial, a jury trial, the effective assistance of counsel, equal protection and the right to be free from cruel and unusual punishment as guaranteed by the U.S. Constitution.

As discussed by the Magistrate Judge, this same claim was raised in petitioner's March 17, 2005, motion for re-sentencing and correction of erroneous sentence, which action was construed by the state trial court as a petition for post conviction relief, and denied as barred under Ohio's doctrine of *res judicata* on May 23, 2005. *See* Exhibits S and U to Return of Writ. On May 23, 2006, the appellate court affirmed the trial court's judgment as follows:

>On March 17, 2005, appellant filed in the trial court a "Motion for Resentencing Hearing and for Correction of an Erroneous Sentence." In it, appellant repeated his claims that the trial court did not instruct the jury properly and that the court should have sentenced him only on the involuntary manslaughter charge. The court treated appellant's motion as a petition for post-conviction relief and denied the motion without an evidentiary hearing. In denying appellant's motion, the court found that the petition was untimely under R.C. 2953.21(A)(2), and, even if it were timely, the doctrine of res judicata barred his claims because he could have brought them on direct appeal.
>
>Appellant filed this appeal and raises the following assignments of error:
>
>First Assignment Of Error
>
>  THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT CONSTRUED HIS "MOTION FOR RESENTENCING HEARING AND FOR CORRECTION OF AN ERRONEOUS SENTENCE" AS A POST-CONVICTION PETITION.
>
>Second Assignment Of Error
>
>THE TRIAL COURT ERRED WHEN IT RULED THAT APPELLANT'S "MOTION FOR RESENTENCING HEARING AND FOR CORRECTION OF AN ERRONEOUS SENTENCE" WAS BARRED BY THE DOCTRINE OF RES JUDICATA.
>
>Third Assignment Of Error

2

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY RULING THAT THE SENTENCE IMPOSED UPON HIM WAS LEGAL UNDER EXISTING CASE AUTHORITY.

In his first assignment of error, appellant asserts that it was improper for the court to interpret his motion as a petition for post-conviction relief. We disagree.

Neither the rules of civil procedure nor the laws of Ohio recognize a "motion for resentencing hearing and for correction of an erroneous sentence." Nevertheless, a court must categorize such an irregular motion "in order for the court to know the criteria by which the motion should be judged." *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 10. A motion to correct a sentence falls within the definition of a petition for post-conviction relief under R.C. 2953.21(A)(1), where "it is a motion that (1) was filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *State v. Reynolds* (1997), 79 Ohio St.3d 158, 160.

Here, appellant filed his motion after his direct appeal. Appellant claimed a denial of his constitutional rights, *i.e*., his rights under the Fifth and Fourteenth Amendments. He sought to void the judgment. And he asked the court to correct his sentence by vacating his sentence for murder and imposing a sentence for manslaughter. Thus, the court properly characterized his motion as a petition for post-conviction relief. Therefore, we overrule appellant's first assignment of error.

In his second assignment of error, appellant asserts that the trial court erred when it ruled that the doctrine of res judicata barred his motion. We disagree.

The R.C. 2953.21 post-conviction relief process is a collateral civil attack on a criminal judgment. *State v. Calhoun* (1999), 86 Ohio St.3d 279, 281. It is a means to reach constitutional issues that would otherwise be impossible to reach because the trial court record does not contain evidence supporting those issues. *State v. Murphy* (Dec. 26, 2000), Franklin App. No. 00AP-233.

When someone files an R.C. 2953.21 petition, the trial court must

grant an evidentiary hearing unless it determines that the files and records of the case show that the petitioner is not entitled to relief. R.C. 2953.21(E). A trial court may also dismiss a petition for post-conviction relief without holding a hearing when the doctrine of res judicata bars the claims raised in the petition. *State v. Szefcyk* (1996), 77 Ohio St.3d 93. "*Res judicata* is applicable in all postconviction relief proceedings." Id. at 95. Under the doctrine of *res judicata*, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *Id.; Reynolds* at 161.

We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction petition without a hearing. *State v. Campbell,* Franklin App. No. 03AP-147, 2003-Ohio-6305, citing Calhoun at 284. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

Here, appellant presented neither evidence nor arguments that he could not have, or has not, raised before. Appellant even admits as much in his briefing before this court, as he states: "Appellant maintains that even though some aspects of his pleading could have, and to some degree were brought up in his Application For Reopening, this Court circumvented Appellant's claim to proportion as to cause that proceeding to be meaningless." In other words, appellant does not agree with this court's resolution of his claims. Nevertheless, we find that appellant could have raised these arguments on direct appeal, and appellant did raise these arguments in his application for reopening. Therefore, the trial court properly held that the doctrine of *res judicata* barred appellant's motion, and we overrule appellant's second assignment of error.

In his third assignment of error, appellant asserts that the trial court erred when it ruled that the sentence imposed upon him was legal under existing case authority. In essence, appellant argues that, because the jury could not have found that he had the required mental state for both murder and involuntary manslaughter, the trial court sentenced appellant based on its own findings, in violation of *Blakely v. Washington* (2004), 542 U.S. 296, and *Apprendi v. New Jersey* (2000), 530 U.S. 466. We find, however, that appellant's arguments are nothing more than a reiteration of the arguments made in his application for reopening, arguments he could have made on direct

> appeal. More importantly, as we concluded in our decision concerning his application for reopening, the trial court properly instructed the jury on both murder and involuntary manslaughter and properly convicted appellant of murder. Because the doctrine of *res judicata* bars these claims, and because appellant's claims have no merit, we overrule appellant's third assignment of error.
>
> Finally, we affirm the trial court's finding that appellant's motion was untimely. Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed within 180 days after the trial transcript is filed in the court of appeals in the direct appeal from the conviction. As the trial court concluded, appellant filed his motion more than one year after the time for filing a petition had expired. Therefore, for this additional and overriding reason, the trial court's dismissal of appellant's motion was proper.
>
> Having overruled appellant's first, second, and third assignments of error, and having concluded that appellant's petition was untimely, we affirm the decision of the Franklin County Court of Common Pleas.
>
> Judgment affirmed.

*State v. Butts*, 2006 WL 1390838 (Ohio App. 10th Dist. May 23, 2006).   Petitioner now states that he has filed a timely appeal of the appellate court's decision to the Ohio Supreme Court, which action is still pending.  *Petitioner's Objections*, at 2-3.  He again requests a stay of proceedings pending a decision from the Ohio Supreme Court.  *Id.*

In *Rhines v. Weber*, 125 S.Ct. 1528, 1534-36 (2005), the United States Supreme Court held:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. *Cf. Duncan, supra,* at 180, 121 S.Ct. 2120 ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").

5

For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. Though, generally, a prisoner's "principal interest ... is in obtaining speedy federal relief on his claims," Lundy, supra, at 520, 102 S.Ct. 1198 (plurality opinion), not all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death. Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. *See, e.g., Zarvela*, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See id.,* at 380-381.

On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy,* 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.

In *Pace v. DiGuglielmo,* 125 S.Ct. 1807, 1813 (2005), the Supreme Court stated:

> A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

However, there remains little guidance as to what constitutes good cause for failing to exhaust state court remedies.

> Various courts have adopted the standard for cause applicable to procedural defaults which requires that some "objective factor external to the defense" made it impossible to bring the claim earlier in the state court proceedings as required by *Coleman v. Thompson,* 501 U.S. 722, 755, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). *See e.g., Fernandez v. Artuz* 2006 WL 121943, *5 (S.D.N.Y., January 18, 2006); *Pierce v. Hurley,* 2006 WL 143717, *8 (S.D.Ohio, January 18, 2006); *Carter v. Friel,* 2006 WL 208872, *3 (D.Utah, January 6, 2006); *Hernandez v. Sullivan,* 397 F.Supp.2d 1205, 1207 (C.D.Cal., 2005). Others, such as *Jackson v. Roe,* 425 F.3d 654 (9th Cir.2005), and the remanded *Rhines v. Weber,* 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005), conclude that the cause standard of *Rhines* requires a lesser showing than that for procedural default.
>
> In *Jackson v. Roe,* the Ninth Circuit Court of Appeals concluded that good cause did not require a showing of "extraordinary circumstances." The Court said
>
>> [W]e hold that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines. See NLRB v. Zeno Table Co.,* 610 F.2d 567, 569 (9th Cir.1979) (distinguishing between the "good cause" standard found in NLRB regulations and the "extraordinary circumstances" standard in section 10(e) of the National Labor Relations Act and noting that " 'good cause' ... appears to be less stringent than ... 'extraordinary circumstances' ").
>
> *Jackson,* 425 F.3d at 661-62.
>
> Thus, it would appear that good cause under *Rhines,* at least in [the Ninth] Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of

7

the defendant. This is supported by the Supreme Court's observation in *Pace v. DiGuglielmo,* --- U.S. ----, ---- - ----, 125 S.Ct. 1807, 1813-14, 161 L.Ed.2d 669 (2005), wherein the Court declared that a petitioner's confusion over whether or not his petition would be timely filed was "good cause" for the petitioner to file his unexhausted petition in the federal court.

Another court to discuss the standard of good cause under *Rhines* was the Eastern District of Pennsylvania. That court concluded that the good cause standard falls somewhere between the "lower threshold of unfairness," and the "higher standard of extraordinary circumstances, necessary for equitable tolling in capital cases." *See Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D.Pa.2005). This discussion of *Rhines,* while in the context of equitable tolling of a federal challenge in a capital case, examined whether the court should previously have granted a stay of the petition considering the petitioner's particular circumstances and the shifting state of the law in Pennsylvania at the time the original petitioner was filed.

The federal district courts have also developed a split of authority on whether ineffective assistance of post-conviction counsel qualifies as good cause to permit a stay of the federal proceedings. At least five district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did constitute good cause for failure to exhaust claims in state proceedings, most without much discussion of the matter. *See e.g., Rhines v. Weber,* 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005); *Ramchair v. Conway,* 2005 WL 2786975 at *16 (E.D.N.Y., October 26, 2005); *Boyd v. Jones,* 2005 WL 2656639 at *4 (E.D.Mich., October 14, 2005); *Fradiue v. Pliler,* 2005 WL 2204862 at *2 (E.D.Cal., September 8, 2005); and *Martin v. Warren,* 2005 WL 2173365 at *2 (E.D.Mich., September 2, 2005). Similarly at least three district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did not constitute good cause. *See, e.g., Carter v. Friel,* 2006 WL 208872, *3 (D.Utah, January 6, 2006); *Vasquez v. Parrott,* 397 F.Supp.2d 452, 464 (S.D.N.Y., 2005); *Hubbert v. Renico,* 2005 WL 2173612 at *3 (E.D.Mich., September 7, 2005).

Thus, the split of authority is broad and varied. However, the discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support... [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or

8

> confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Riner v. Crawford,* 415 F.Supp.2d 1207, 1209-11 (D.Nevada 2006).

In view of the decision of the state appellate court, petitioner's allegations in claim one appear to be procedurally defaulted. Petitioner's request for a stay of proceedings to pursue what appears to be a procedurally defaulted claim therefore is **DENIED**. Claim one is **DISMISSED** as unexhausted.

## II. CLAIM TWO

### A. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In claim two, petitioner asserts that he was denied the effective assistance of appellate counsel because his attorney failed to raise on appeal a claim that he was improperly sentenced. The Magistrate Judge recommended that this claim be dismissed on the merits. Petitioner objects to the Magistrate Judge's recommendation. Petitioner again argues that the state appellate court's decision denying his ineffective assistance of appellate counsel claim was erroneous and constituted an unreasonable determination of the facts. He complains that the state appellate court ignored his federal constitutional arguments in reaching its conclusion that his claim was without merit.

For the reasons detailed by the state appellate court and in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. Petitioner has failed to establish that the state appellate court's decision is so unreasonable as to justify federal habeas corpus relief. *See* 28 U.S.C. §2254(d)(e); *Maldonado v. Wilson*, 416 F.3d 470, 475 (6th Cir. 2005).

### B. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL; *BLAKELY*

The Magistrate Judge also recommended that petitioner's claim of ineffective assistance of

9

trial counsel due to his attorney's failure to object to an allegedly erroneous jury instruction and sentence, and his allegation of ineffective assistance of appellate counsel due to his attorney's failure to raise an issue under *Blakely v. Washington*, 542 U.S. 296 (2004), be dismissed as procedurally defaulted because such claims had never been presented to the state courts. Petitioner does not raise any objection to the Magistrate Judge's recommendation that any *Blakely* claim be dismissed. Petitioner does object to the Magistrate Judge's recommendation that his claim of ineffective assistance of trial counsel be dismissed as procedurally defaulted.[1]

Petitioner contends that such claim was properly presented in his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), and argues that the state appellate court failed to enforce any procedural bar under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The Court is not persuaded by petitioner's arguments. Only claims of ineffective assistance of appellate counsel are properly brought under Ohio's Appellate Rule 26(B). Further, petitioner has failed to establish cause for his procedural default. Petitioner's objection is **OVERRULED**.

### III. CLAIM THREE

Petitioner does not raise any objection to the Magistrate Judge's recommendation that claim three be dismissed on the merits.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those

---

[1] In a footnote, respondent contends that the Court should not construe claim two to raise any allegation of ineffective assistance of trial counsel, since petitioner is represented by an attorney in these proceedings, yet failed to clearly set forth such claim in his petition. *Response to Objections*, at 4, n. 2. While counsel could have more clearly delineated the issue, petitioner does assert that he was denied the effective assistance of trial counsel in the body of his habeas corpus petition. This Court therefore will address such issue. In any event, the claim is procedurally defaulted.

portions of the *Report and Recommendation* objected to.  After a careful review of the entire record, in view of the foregoing and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**.

Petitioner's request for a stay is **DENIED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

                                                           s/George C. Smith  
                                                             GEORGE C. SMITH  
                                                           United States District Judge